Wayne A. Gavioli, Esq. Informal Opinion Town Attorney No. 95-5 Town of Orangetown Town Hall Orangeburg, N Y 10962
Dear Mr. Gavioli:
You have indicated that the director of the town's Office of Building, Zoning, Planning, Administration and Enforcement has resigned and you would like the flexibility to appoint a replacement who lives outside of the town, anywhere in the State of New York.
Under section 3(1) of the Public Officers Law, to be eligible to hold a local public office a person must reside in the political subdivision or municipal corporation of the State for which he or she is to be chosen, or within which the electors electing him or her reside, or within which his or her official functions are required to be exercised. An appointed officer of a town must reside within the town at the time of his or her appointment and during his or her tenure in office. Public Officers Law §§ 3(1), 30(1)(d).
We believe, however, that a town may enact a local law establishing the State of New York as the residency required for any appointive town office. Local governments are authorized to adopt and amend local laws, consistent with the Constitution and general State laws, in relation to the qualifications of their officers and employees. N Y Const, Art IX, § 2(c)(1); Municipal Home Rule Law § 10(1)(ii)(a)(1). Residency requirements are "qualifications" within the meaning of these provisions. 1983 Op Atty Gen (Inf) 1161. A "general law", for home rule purposes, is a State statute which in terms and in effect applies alike to all counties other than those wholly included within a city, all cities, all towns or all villages. Municipal Home Rule Law § 2(5).
The Legislature has amended section 3 of the Public Officers Law to establish a special residency requirement for any appointed public officer in the Town of Greenburgh, Westchester County. Public Officers Law § 3(24) (first subset). Under that provision, an appointed public officer in the Town of Greenburgh, may reside anywhere in the State of New York. This exception for the Town of Greenburgh has rendered section 3 of the Public Officers Law, in its coverage of appointive town officers, a special, rather than a general law. it has become a special law to this extent because in establishing residency requirements for appointive town officers it does not in terms and in effect apply alike to alltowns of the State.
It follows from the above that your town may enact a local law establishing the State as the residency required for the office of director of the Office of Building, Zoning, Planning, Administration and Enforcement. Such a local law would not be inconsistent with any general State law.
In prior opinions of the Attorney General, we have applied the same reasoning. Informal Opinions Nos. 91-37; 89-14; 88-27; and 87-32.
We note that in adopting a local law, changing or superseding any State statute, the legislative body is required to specify the provision it intends to change or supersede. Municipal Home Rule Law § 22(1);Kamhi v Town of Yorktown, 74 N.Y.2d 423 (1989).
We conclude that a town by local law may establish the State of New York as the residency required for an appointive town officer.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE
Assistant Attorney General in Charge of Opinions